**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN KULL, ) | 3:06-CV-0239-BES (RAM) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff filed a motion for reversal of the commissioner's decision on September 14, 2006 (Doc. #11). Defendant opposed the motion and filed a cross-motion to affirm the commissioner's final decision on October 12, 2006 (Doc. #12).

**BACKGROUND**

Plaintiff Sean Kull filed an application for Disability Insurance Benefits (DIB) (Tr. 56-59, 229-232) on September 8, 2003 and an application for Supplemental Security Income (SSI) (Tr. 56-59, 229-232) on April 20, 2004. Plaintiff alleges disability, beginning on March 10, 2003, based on degenerative joint disease of the knees, hepatitis C and hypertension (Tr. 26). At his disability hearing on February 10, 2005, Plaintiff appeared and testified (Tr. 25). His attorney, Dennis A. Cameron, represented him at the hearing (*Id.*). The Administrative Law Judge (ALJ) found Plaintiff "Not Disabled" in the decision he issued (August 20, 2005)

(Tr. 25-32). Plaintiff appealed the decision (Tr. 21). The Appeals Council denied review (Tr. 6-8). Thus, the ALJ's decision became the final decision of the Commissioner (Tr. 6-8). Plaintiff now appeals that decision (Doc. #11).

Plaintiff was fifty-six years old at the time of the decision and has eleven years of education (Tr. 26 ). His past work experience includes work as an apartment maintenance worker and bartender (*Id.*).

Both parties have stipulated that the ALJ fairly and accurately summarized the material evidence and testimony (Doc. #11 at 2, Doc. #12 at 2).

## **DISCUSSION**

A.  Judicial Review - Substantial Evidence Standard

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Smolen v. Charter*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F. 3d 748, 749 (9th Cir. 1995). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id*. The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986); 20 C.F.R. § 404.1512(a). To meet this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than 12 months …" 42 U.S.C. §423 (d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see* 20 C.F.R. §§ 404.1520, 416.920. In the first step, it must be determined whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantially gainful activity, the second step requires determining whether his impairments or combinations of impairments are "severe." *Yuckert*, 482 U.S. at 140-41. If a claimant's impairments are so slight that they cause no more than minimal functional limitations, it will be determined that the claimant does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520. If, however, it is found that the claimant's impairments are severe, such impairments will be presumed to be sufficiently severe provided the impairments meet or equal the impairments described in the Commissioner's Listing of Impairments and are of sufficient duration. *Id.* at § (d). If the claimant's impairments meet or equal a listed impairment, the claimant is conclusively presumed disabled. *Id.* If the claimant's impairments are severe, but do not meet or equal a listed impairment, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141. In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still do the work he or she did in the past, then the ALJ should determine that he or she is not disabled. 20 C.F.R. § 404.1520(f). If he or she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 144. Finally, in step five, the Commissioner must establish that the claimant can perform work available in the national economy. *Id.* at 141-42; *see* 20 C.F.R. §§ 404.1520(e), 404.1520(f), 416.920(e), 416.920(f).

Application of steps four and five requires the ALJ review the claimant's residual functional capacity and the physical and mental demands of the work he or she did in the past. 20 C.F.R. § 404.1520(f) & (g). "Residual functional capacity" (RFC) is what the individual can still do despite his limitations. 20 C.F.R. § 404.1545. If the individual cannot

3

do the work he did in the past, the ALJ must consider his RFC, age, education, and past work experience to determine whether he can do other work. *Id.* If the Commissioner establishes the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. 404.1566.

B. Review of the ALJ's Decision

In the present case, the ALJ applied the five step sequential evaluation process. At step one he found the claimant was not engaged in substantially gainful activity (Tr. 28). The ALJ also found the medical evidence established the claimant has degenerative joint disease of the knees, status post left nephrectomy, alcoholism in remission since February 2004, Hepatitis C and hypertension (*Id.*). However, the ALJ concluded that these impairments did not meet or equal the level of severity of any impairments described in the Listing of Impairments (Appendix I, Subpart P, Regulation No. 4) either individually or in combination (Tr. 28-29). At step four, the ALJ determined that Plaintiff's impairments do not prevent him from performing his past relevant work as a bartender (Tr. 30).

In making his determination, the ALJ took into consideration Plaintiff's testimony, opinions of treating and non-treating examiners and conclusions of the state agency consultants (Tr. 29). The ALJ found Plaintiff's allegations, that standing is limited to an hour on a good day, walking is limited and sitting is difficult due to his knees, not fully credible (Tr. 30). The ALJ based this determination on his finding that Plaintiff's description of pain, fatigue and limitations were not consistent with the medical records because the records only showed minimal or mild findings (*Id.*). Specifically, the ALJ found the record didn't support Plaintiff's allegations of fatigue caused by hepatitis because Plaintiff chose to stop interferon treatment and, had his hepatitis been more debilitating, he most likely would have been more motivated to stay on the treatment (Tr. 30). The ALJ found the record didn't support Plaintiff's allegations of severe knee pain because Plaintiff was given steroid injections for his knees, Plaintiff takes pain medication, and the record notes an improvement in Plaintiff's pain level (*Id.*).

C. Credibility Assessment

A claimant's credibility becomes important at the stage where the ALJ assesses the claimant's RFC. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001). Subjective symptom testimony may tell of greater limitations than medical evidence alone. *Id.* Thus, a claimant's credibility is often crucial to a finding of disability. *Id.* (*citing* Social Security Rule 96-7p (1996)).

In general, when deciding whether to accept or reject a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis: an analysis under *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) (the "*Cotton* test") and an analysis of the credibility of the claimant's testimony regarding the severity of his or her symptoms. *Smolen*, 80 F.3d at 1281; *see also* 20 C.F.R. § 404.1529 (adopting two-part test). "If the claimant produces evidence to meet the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimants testimony about the severity of his or her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)(en banc). This test "imposes only two requirements on the claimant: (1) [he or] she must produce objective medical evidence of an impairment or impairments; and (2) [he or] she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282 (emphasis in original); *see also* 20 C.F.R. § 404.1529(a)-(b).

An ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's [symptom] testimony.'" *Bunnell*, 947 F.2d at 345-346 (*quoting Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). When analyzing credibility,

5

an ALJ may properly consider medical evidence in the analysis. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *see also Batson v. Commissioner of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2003)(holding ALJ properly determined credibility where claimant's testimony was contradictory to and unsupported by objective medical evidence). "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, ____ F.3d____ (9th Cir. 2007), 2007 WL 2034287, 9 (official citation not available).

Here, the ALJ determined Plaintiff suffers from medically determinable severe impairments; therefore, Plaintiff has satisfied the first prong of the *Cotton* test (Tr. 31). The record indicates there is no evidence of malingering and the ALJ made no such finding. Accordingly, in order to reject Plaintiff's testimony regarding the severity of his pain, the ALJ must offer specific, clear and convincing findings supported by the record.

The ALJ made very limited specific findings regarding Plaintiff's subjective pain testimony (Tr. 30). The ALJ concluded Plaintiff's description of pain, fatigue and limitations were not consistent with the medical records because the records show only minimal or mild findings (Tr. 30).

To support the conclusion that Plaintiff's subjective allegation of pain with regards to hepatitis was lacking in credibility, the ALJ speculated that Plaintiff would have been more motivated to stay on the interferon treatment, regardless of the side effects, if his hepatitis had been more debilitating (*Id.*). The evidence the ALJ relied on to conclude Plaintiff's complaints of fatigue were not credible included the fact that there was only one notation in the record of a complaint of fatigue, at which time Plaintiff sought treatment, and there was

6

1 no further follow-up after Plaintiff received instructions, in January 2005, on how to self-
2 administer injections (Tr. 29).

3 At the February 10, 2005 hearing before the ALJ, Plaintiff testified the side effects of
4 the self-administered injections include flu-like symptoms that basically keep you "well flat
5 on your back" (Tr. 254-255). Other than speculating that Plaintiff would have stayed on the
6 interferon treatment when first diagnosed had his hepatitis been more debilitating, the ALJ
7 points to no medical evidence contradicting Plaintiff's testimony that the self-administered
8 shots, which is Plaintiff's current course of treatment, would not produce the symptoms
9 described by Plaintiff or evidence bringing into question Plaintiff's reputation for
10 truthfulness. The ALJ did not adequately address how Plaintiff's failure to continue on the
11 interferon treatment makes his testimony regarding fatigue associated with the self-
12 administered injection treatment not fully credible. Plaintiff's failure to follow the interferon
13 treatment, without more, is not a clear and convincing finding supported by the record that
14 Plaintiff's symptom testimony regarding his current course of treatment is not fully credible.

15 To support the conclusion that Plaintiff's subjective testimony regarding knee pain was
16 not fully credible, the ALJ points to objective medical evidence that Plaintiff had been given
17 steroid injections and takes pain medication (Tr. 30). Additionally, the ALJ points to
18 objective medical evidence that Plaintiff was prescribed Oxycodone and the record notes his
19 pain level was improved (*Id.*). When considering Plaintiff's testimony regarding fatigue, the
20 ALJ considered Plaintiff's failure to follow a particular course of treatment as evidence of
21 Plaintiff's lack of credibility. However, when considering Plaintiff's testimony regarding knee
22 pain, the ALJ determined that because Plaintiff takes pain medication as prescribed by a
23 doctor and the record notes his pain level improved, Plaintiff lacks credibility (Tr. 30).
24 Plaintiff offered good reasons for taking pain medication and the fact that Plaintiff takes
25 prescription pain medication for both knees lends support to his testimony that he can only
26 stand for an hour on a good day, walking is limited and sitting is difficult due to his knees
27 (*Id.*) Furthermore, the record indicates Plaintiff has a history of knee pain and, throughout

7

the record, there is evidence Plaintiff made complaints to various doctors and nurses about pain associated with one or both of his knees (Tr. 122-126, 129, 131, 165-166, 184, 201, 214-215). The ALJ's inference that because Plaintiff takes pain medication his testimony regarding the severity of his knee pain is not fully credible is not a clear and convincing finding supported by the record.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal of the Commissioner's Decision (Doc #11) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Defendant's Cross-Motion to Affirm the Commissioner's Decision (Doc #12) be **DENIED**, and that the decision of the ALJ be **REVERSED AND REMANDED** for further proceedings consistent with this Recommendation.

DATED: August 24, 2007.

_____
UNITED STATES MAGISTRATE JUDGE